IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE PROCTER & GAMBLE COMPANY,

      Plaintiff,

   v.                                     Case No. 1:09-cv-318
                                             JUDGE GREGORY L. FROST
GEORGIA-PACIFIC                Magistrate Judge Mark R. Abel
CONSUMER PRODUCTS LP,

      Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's motion for voluntary dismissal (Doc. # 43), Defendant's memorandum in opposition (Doc. # 45), and Plaintiff's reply memorandum (Doc. # 46). For the reasons that follow, this Court finds the motion well taken.

On May 8, 2009, Plaintiff filed the instant action in which it asserts a federal claim for trademark infringement under 15 U.S.C. § 1125(a), as well as various state law claims. (Doc. # 1.) Plaintiff also filed a motion for a preliminary injunction on that same date, seeking to enjoin Defendant from using a "bowtie" mark or any similar design for the duration of the litigation. (Doc. # 2.) Following the close of briefing on the motion for injunctive relief, the Court held a preliminary injunction hearing on July 8, 2009. The Court then issued a decision on August 3, 2009, in which it denied the motion for a preliminary injunction. (Doc. # 40.)

Plaintiff subsequently moved to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. # 43.) That rule provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers

proper."[1]  Fed. R. Civ. P. 41(a)(2).  The parties dispute what should constitute "terms that the court considers proper" to effectuate the dismissal sought.

Plaintiff seeks to dismiss its claims with prejudice, with each party to bear its own costs. Defendant counters that although a dismissal with prejudice is appropriate, such a dismissal should include a designation that Defendant is the prevailing party, which means that it can recover its costs under Federal Rule of Civil Procedure 54(d)(1).  Defendant also argues that it is entitled to attorneys' fees on the grounds that the instant action is an "exceptional case" within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

This Court rejects the contention that Defendant should be affirmatively designated as the prevailing party as a condition of dismissal and consequently obtain the reimbursement it seeks. The Sixth Circuit has explained that Rule 41(a)(2) "is . . . a discretionary procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal 'as the court deems proper.' "  *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 481 F.3d 926, 931 (6th Cir. 2007) (quoting former Rule 41(a)(2)).  Two reasons compel this Court to reject Defendant's Rule 54(d)-related request.

First, regardless of whether Defendant is technically a prevailing party for Rule 54(d)

---

[1] Rule 41 also provides that where "a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss," then "the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."  Fed. R. Civ. P. 41(a)(2).  This provision is not applicable to the instant case. Defendant originally filed an Answer and Counterclaim on May 21, 2009.  (Doc. # 12.)  On June 4, 2009, however, Defendant then filed an Amended Answer that did not include a counterclaim. (Doc. # 13.)  This second filing falls within the time for amendment without leave of court set forth in Federal Rule of Civil Procedure 15(a), which means that there is no pending counterclaim.  The Court therefore **ORDERS** the Clerk to correct the docket, which currently indicates that the counterclaim is pending.

purposes, there is no necessity for predicating the dismissal with prejudice sought on the inclusion of such an affirmative designation. A court could grant a motion for a voluntary dismissal with prejudice and a defendant could then pursue costs under Rule 54(d) even without an affirmative designation of "prevailing party" in the dismissal entry.

Second, the circumstances of this action weigh against an award of costs under Rule 54(d). As Plaintiff notes, the issue of whether Defendant is a prevailing party remains open in the Sixth Circuit. The court of appeals has noted that "[t]here is no clear precedent, particularly in this circuit, as to whether a plaintiff's voluntary dismissal with prejudice, motivated by pure practicality rather than by any merit in the defendant's position, makes a defendant a 'prevailing party' for purposes of an award of costs." *United States v. Alpha Med., Inc.*, 102 F. App'x 8, 10 (6th Cir. 2004) (addressing denial of award of costs under 28 U.S.C. § 2412, 28 U.S.C. § 1920, Fed. R. Civ. P. 54, and Tenn. Local Rule 54.1). Business concerns such as the most pragmatic allocation of finite resources purportedly compel Plaintiff's requested dismissal. Given a dearth of evidence indicating the lack of good faith that defendant assigns to Plaintiff, this Court is not inclined to second guess or reject that proffered motivation here based on mere speculation. Accordingly, even reasonably assuming that Defendant is indeed the prevailing party, context nonetheless favors this Court exercising its discretion to decline awarding Rule 54(d) costs. *See id.* (upholding a district court's conclusion "that it was appropriate to decline to award costs . . . based upon the context in which the . . . voluntary dismissal occurred"); *see also In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) (noting that "the discretion that Rule 54(d)( 1) gives courts (the 'unless the court otherwise directs' proviso) is discretion to decline requests for costs").

Defendant's Lanham Act-related request fares equally unwell. Section 35 of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). But the instant case does not fall into the category of exceptional cases in which an award of attorneys' fees would be appropriate.

The Court assumes for the sake of argument that Defendant is the prevailing party under a § 1117(a) inquiry, but declines to conclude that this case is "exceptional" in the statutory sense. Although they failed to carry the day in the injunctive relief proceedings, Plaintiff's claims are not as meritless as Defendant would have this Court conclude. Having heard substantial evidence going to the merits of this action, this Court cannot find that Plaintiff's case was simply oppressive, baseless, or unfounded. *See Eagles, Ltd. v. American Eagle Found.*, 356 F.3d 724, 728-29 (6th Cir. 2004) (describing inquiry for ascertaining whether a case is exceptional under § 1117(a)). Nor has Plaintiff's conduct throughout this brief litigation evinced those factors suggesting that this is an exceptional case. There is thus no basis for a § 1117(a) award here, which means there is no basis for imposing such an award or even including language permitting such an award as a term or condition of Plaintiff's voluntary dismissal.

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for voluntary dismissal. (Doc. # 43.) The Court therefore **DISMISSES WITH PREJUDICE** Plaintiff's complaint. The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE